## C. L. Landry *v.* J. Tullier.

Where the quantity of land is not mentioned in the title and no boundary is given in the rear, the sale cannot be considered as one *per aversionem*, except so far as to entitle the purchaser to take all the land between the boundaries designated on the front; and the plaintiff cannot, under a title which calls for " twenty-five arpents or more in depth," extend the rear line.

A record of a suit between other parties is not properly admissible to prove *rsm ipsam*, when it has no important connection or bearing on the case.

C. C. 850.

APPEAL from the District Court of the Parish of West Baton Rouge, *Robertson*, J. *Pitot & Elam, Edwards & Barrow*, for plaintiff and appellant. *Heron* and *T. G. Morgan*, for defendant.

Ogden, J. A judgment was rendered in the court below on the verdict of a jury, dismissing the demand of the plaintiff, in a petitory action to recover a parcel of land, to which both parties set up title by the pleadings.

In tracing his title to the tract which the plaintiff avers embraces the land in dispute, he claims under *N. Miriam*, who, on the 5th of October, sold the land to *Jean Charles Comeaux*, from whom, by a regular chain of conveyances, the title is derived to the plaintiff. In the sale from *Miriam* to *Comeaux*, the tract of land is described as follows : " All that certain tract or parcel of land situated in said parish, on the right bank of the river Mississippi, bounded above by lands of *Pierre Paul Leblanc*, and below by lands of *Pierre Dominique*, containing eleven arpents or more in front, on the Mississippi, and twenty-five arpents or more in depth, with all its privileges and appurtenances." The *locus in quo* is not embraced in the depth of twenty-five arpents from the Mississippi river, and the defendant is in possession of it under a title to the tract of land which lies opposite on the bend of the river which it fronts. The title of the defendant to this land was confirmed by an Act of Congress, passed the 28th of May, 1830, and by the approved survey in evidence, the land claimed by the plaintiff in this suit is embraced within the calls of defendant's title. It is only by running back a greater distance or depth than twenty-five arpents from the river, that the plaintiff's title conflicts with that of the defendant, and this his counsel claims he has a right to do, on the ground that the sale from *Miriam* to *Comeaux* was a sale "*per aversionem.*" As the quantity of land is not mentioned in the title, and no boundary is given in the rear, the sale cannot be considered as one *per aversionem*, except so far as to entitle the purchaser to take all the land between the boundaries designated on the front. The Article 850 of the Civil Code declares : " If any one sells or alienates a piece of land from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it gave him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title." If, therefore, on actual survey, it had turned out that there was a greater quantity than eleven arpents front, the purchaser would have, notwithstanding, been entitled to all the land between the designated boundaries running back twenty-five arpents, although a greater quantity of land would thus be obtained, than multiplying the number of arpents front by the number in depth, would afford, and the vendor would be bound to warrant the title to all the land embraced by the designated boundaries ; but there being no boundary in the rear, the law referred to has no application to the right claimed by the plaintiff to have a greater depth than

twenty-five arpents. As he does not complain that he has a less quantity of land than would be obtained by multiplying the number of acres in front by the number of acres in depth, it is clear that he has, in quantity, all the land called for by the sale from *Miriam* to *Comeaux;* and it is only when the quantity is either greater or less than that intended to be sold, that there is any room for the application of the principle of law regulating sales "*per aversionem.*"

The case relied on from 2d Louisiana Reports, of *Marigny* v. *Nivit*, which is the only analogous case referred as to the description of the land sold, was a dispute in regard to the extent of the front of the tract which was designated by boundaries, as in this case. The judgment of the court, which was first rendered, it appears, was on application for re-hearing, and with consent of the parties set aside; but the opinion, as expressed by the court, we think, accords with the views we have taken of the law in this case. But it is next contended, that from the expressions used in the act of sale, "twenty-five arpents or more in depth," the inference must be drawn that *Miriam* intended to include whatever depth he had. We cannot consider from those expressions that he intended to convey a title which, running back more than twenty-five arpents, would interfere with any adverse claimants. He would not have been bound to warrant the title for any greater depth, and as the act of sale contained no reservation or exemption from warranty for any portion of the land sold, his obligation as warrantor, and the right of the plaintiff as to the quantity of land sold, must be regarded as co-extensive. It should be observed, that the sale contains no reference to any previous titles or surveys by which any definite meaning could be attached to the use of the word "more" in defining the depth, for the same expression is used in describing the front between fixed boundaries.

The plaintiff complains of the rejection by the court below, of the record of a suit of *Lacour* v. *Dusia Leblanc*, which was offered by him in evidence, to show that a judgment was rendered in that case in favor of *Lacour*, his vender, for the whole depth, and which judgment, he says, was a bar to the whole world. A record of a suit between other parties, is properly admissible to prove *rem ipsam*, when, from the circumstances of the case, it has some important connection or bearing on questions at issue between other parties. We can perceive no such bearing or connection in this case, and think the evidence was properly rejected.

The plaintiff next contends that he is entitled to recover the land in dispute by prescription, in virtue of his possession for more than ten years, of a part of the tract, with a title to the whole as derived by him from *Lacour*, who acquired the property from the *Acostas* as far back as 1821, in both of which deeds the land is conveyed with a depth of forty arpents. Although those who claimed the land under *Comeaux*, to whom *Miriam* sold, acquired no title to more than twenty-five arpents in depth, the title to *Lacour* in 1821, conveying a depth of forty arpents, would be a sufficient basis for the prescription of ten years, if actual possession had been proved of the land in controversy during that time, and the civil possession resulting from the possession of a part with a title to the whole would suffice, if there had been neither actual nor civil possession by the defendant, or his authors during that period; but the evidence shows that the defendant had a small part of the land claimed in this suit

C. L. LANDRY
*v.*
J. TULLIER.

14

C. L. LANDRY
v.
J. TULLIER.

enclosed and in cultivation within the period of ten years, counting from 1821, so that there was not the continuous and uninterrupted possession required by Art. 3453 of the Code. The defendant and his authors may also be said to have had the same civil possession resulting from the possession of the front of their tract with a title confirmed by Congress in 1830, running back forty arpents in depth. On the whole, we see no reason to disturb the verdict of the jury.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.